# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 18-31266
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUSTIN FRY,

Defendant-Appellant

———————

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 2:17-CR-121-1

———————

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Justin Fry pleaded guilty to one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1). The district court sentenced him to 292 months in prison. Fry now argues the district court erred when it imposed a six-level enhancement to his guidelines range under U.S.S.G. § 2A.1(b)(1), which applies "if a ransom demand . . . was made." "Ransom" means "a consideration paid or demanded for the release of someone or something from captivity."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31266

*United States v. Fernandez*, 770 F.3d 340, 343 (5th Cir. 2014). Because Fry did not object to this enhancement in the district court, our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To show plain error, Fry must demonstrate an error that is clear or obvious and that affects his substantial rights. *See id.* If he makes such a showing, we have the discretion to correct the error and should do so if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation omitted; cleaned up).

Specific-offense characteristics, including the ransom enhancement, are determined on the basis of "relevant conduct," including "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant," U.S.S.G. § 1B1.3(a)(1)(A), and "in the case of a jointly undertaken criminal activity . . . all acts and omissions of others" that were "within the scope" and "in furtherance" of the jointly undertaken criminal activity and "reasonably foreseeable," *id.* § 1B1.3(a)(1)(B); *see United States v. Rocha*, 916 F.2d 219, 244 (5th Cir. 1990).

The district court did not err. Fry argues that it was a codefendant who "orchestrated" the ransom demand and that the enhancement was therefore inappropriate. But the un-objected-to presentence report reflects that Fry knowingly participated in demanding ransom. For example, he helped create a video in which ransom was demanded of the victim's family. While it was not Fry himself who made the demand or recorded the video, he actively participated in demanding the ransom. For example, in a video sent to the victim's family, Fry punches the victim's face shortly after a codefendant tells Fry that she is recording.

Fry also contends his sentence is substantively unreasonable. Because his sentence was within the properly calculated guidelines range, it is entitled

2

to a rebuttable presumption of reasonableness. *See United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015). Fry has not rebutted that presumption because he fails to show that the district court failed to consider a significant factor, considered an improper factor, or made a clear error of judgment in balancing the relevant factors. *See id*. at 557–58.

AFFIRMED.